HARRY G. RUNKLE et al.

v.

WILLIAM E. R. SMITH, executor, &c., et al.

[Decided June 17th, 1918.]

1. Where an obligation could not be enforced against a principal debtor to the extent of the amount by which it was usurious, it could not be enforced to the same extent against persons collaterally liable.

2. In a suit by the creditor, the sureties of the principal debtor may set up the defence of usury.

3. In the determination of this court that part of the debt was usurious, there was included a determination that there was justly due on the claim the sum for which it was valid, and this determination is *res adjudicata,* as to the parties before the court, of any right the creditor may have against the principal debtor's guarantor.

On motion to order payment.

*Messrs. McCarter & English (Mr. Egner),* for William A. Marburg.

*Messrs. Lindabury, Depue & Faulks (Mr. Ashmead),* for the Union and New Haven Trust Company.

*Mr. Frank S. Moore,* for the complainants and Daniel Runkle.

*Messrs. Colby & Whiting,* for the Casualty Company of America.

LANE, V. C.

The Logan Trust Company holds an assignment of the interest of Harry G. Runkle in the residuary estate of William Runkle. There was also assigned by Daniel Runkle and Mary Runkle Heiberg their interests in the income of the trust fund of which the Fidelity Trust Company of Newark is trustee. The

Casualty Company of America gave to the Logan Trust Company a bond securing the payment by Harry G. Runkle of the debt, as stated of $73,000, due from him to the Logan Trust Company. As security, the casualty company took from Harry G. Runkle an assignment of his interest in the residuary estate of William Runkle. The papers were contemporaneously executed and delivered and refer to one transaction. The Logan Trust Company filed a claim upon its assignment executed by Harry G. Runkle of his interest in the residuary estate of William Runkle, and I have already held that the loan was usurious to the extent of $7,300, and have disallowed the claim of the Logan Trust Company, so far as the residuary estate of William Runkle is concerned, to that extent. It has now filed a cross-petition asking this court to direct payment, out of the income accruing upon the shares of Harry Runkle and Mary Runkle Heiberg in the trust fund, of the amount that this court has refused to direct paid out of the residuary estate. To this cross-petition Daniel Runkle and Mary Runkle Heiberg have filed answers setting up the usurious nature of the transaction. The casualty company filed its claim upon its assignment, and it has been adjudicated, by a prior decree of this court, that there is due to it, upon its assignment of the interest of Harry G. Runkle in the residuary estate, the sum of approximately $1,100. That decree directed the distribution of the residuary estate upon the basis that there was, and could be, due to the casualty company, upon its assignment, only the sum of $1,100. This sum has been paid. It would appear that the claim of the casualty company upon its assignment has been fully satisfied. It is now suggested, however, orally, that the court ought not to make distribution of the $7,300, the amount of the usury already found to be in the loan of the Logan Trust Company, to the assignee next in order of priority (no order having yet been signed upon the prior opinion of the court), unless the casualty company be in some way protected against liability to suit by the Logan Trust Company upon the bond of guaranty, and it is suggested that, either the court ought to order the $7,300, with its accumulations, to be paid to the casualty company upon its assignment, or that the fund should be retained until the liability of the Casualty Company of

America, upon its bond, shall have been determined. It is now stated by counsel for the casualty company that a determination of this contention will be academic because, since it was made, the casualty company has been declared insolvent by a New York court and placed in charge of a liquidating agent, and under the law in New York claims of such a nature as that which the Logan Trust Company would have cannot be enforced. See the cases considered in *Allen* v. *Distilling Company of America, 100 Atl. Rep. 620; 87 N. J. Eq. 531.* Exhaustive briefs have been filed on behalf of all parties. I will not consider, unless there be an appeal taken, of which I desire to be notified at once, the cases cited, but will merely express generally the reasons which have induced me to come to the conclusion I have. So far as the Logan Trust Company's claim against the income accruing to Daniel Runkle and Mary Runkle Heiberg is concerned, the case is now in such a position that the Logan Trust Company is asking affirmative relief against Daniel Runkle and Mary Runkle Heiberg. Their liability is collateral to that of the principal debtor, Harry G. Runkle. Having already found that the obligation cannot be enforced as against Harry G. Runkle to the extent of $7,300, it follows that it cannot be enforced to the same extent against Daniel Runkle and Mary Runkle Heiberg. It is not denied that the law is such that sureties may set up the defence of usury. The claim of the Logan Trust Company against the interest of Daniel Runkle and Mary Runkle Heiberg will therefore be denied. The casualty company is a guarantor of Harry G. Runkle, the principal debtor. Its assignment is of the same fund of which the Logan Trust Company holds an assignment. To direct the fund to be paid to the casualty company would be in effect to turn it over to the Logan Trust Company, which this court has already refused to do. To segregate the fund and hold up its distribution until it may be determined whether the Logan Trust Company has a claim against the casualty company is, in the nature of things, impossible. Substantially, the court is administering the affairs of an insolvent estate, although not so in form. If suit should be brought by the Logan Trust Company against the casualty company the defence of usury is available to the casualty company, but aside

from this it appears to me that the Logan Trust Company has submitted to the jurisdiction of this court, and there was necessarily included in my finding that it could not recover the $7,300 usury, a determination that there was justly and equitably due upon its claim the sum for which I held it to be a valid claim, and that, all parties being before the court, that determination is *res adjudicata* upon any right that the trust company may have against the casualty company.

I will, therefore, deny the application of the casualty company for the payment to it, or to withhold distribution until its rights may be determined in some other forum.